**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:25-CV-62418**

JUAN CARLOS MARTINEZ,

      Plaintiff,

v.

SOUTH BROWARD HOSPITAL DISTRICT
d/b/a MEMORIAL HEALTHCARE SYSTEM

      Defendant.                          /

## COMPLAINT

This is an action brought by JUAN CARLOS MARTINEZ ("Plaintiff or "Dr. Martinez") against SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL HEALTHCARE SYSTEM ("Memorial") for damages for age discrimination brought pursuant to the Age Discrimination in Employment Act ("ADEA") and for breach of employment contract.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1334, as this action arises under the ADEA. The Court has supplement jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district. Plaintiff was employed by Defendant in Broward County, Florida. Additionally, Defendant conducts business within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

3.     Plaintiff is a 65-year-old man, sui juris, and, at all times material to this action, has been a resident of Broward County, Florida.

4.      Defendant is a hospital district organized and existing under the laws of the State of Florida, with its principal place of business located at 3111 Stirling Road, Hollywood, FL 33312, in Broward County, Florida.

5.      At all times material hereto, Defendant acted through its agents, servants, representatives, and/or employees.

6.      At all times material hereto, Plaintiff was an employee of the Defendant as that term is defined under the ADEA.

7.      At all times material hereto, Defendant employed more than twenty (20) employees for the requisite period and, therefore, was and is an "employer" as that term is defined under the ADEA.

8.      On or about August 6, 2025, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida commission on Human Relations ("FCHR"), alleging that Defendant subjected him to age discrimination in violation of the ADEA and the Florida Civil Rights Act ("FCRA"). The Plaintiff has fulfilled all conditions precedent and administrative prerequisites of the applicable law prior to filing this Complaint.

## **GENERAL ALLEGATIONS**

9.      Dr. Martinez began working for Memorial in 2003 as Division Director of Pediatric Pulmonology and served on the organization with distinction for more than two decades.

10.     Throughout his employment, Dr. Martinez served in increasingly responsible positions, including Medical Director and eventually Chief of Pediatric Pulmonology, Cystic Fibrosis & Sleep Medicine. He held medical staff privileges at Memorial Regional Hospital/Joe DiMaggio Children's Hospital, Memorial Hospital West, and Memorial Hospital Miramar.

11.     Dr. Martinez, who is board certified in Sleep Medicine, served as Medical Director of the Pediatric Pulmonary, Cystic Fibrosis and Sleep Services Program and provided Medical Director

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

oversight to multiple pediatric divisions including Nephrology, Endocrinology, Adolescent Medicine, Psychiatry, Allergy and Immunology, Craniofacial and Safety Net Program.

12.     Dr. Martinez consistently demonstrated exceptional leadership and performance throughout his tenure with Memorial. He successfully managed a large Cystic Fibrosis Center, secured multiple grants, oversaw the growth and operation of a large, established AASM accredited pediatric sleep lab, and recruited and mentored newer physicians within the department.

13.     Dr. Martinez entered into a Physician Employment Agreement with Memorial dated July 1, 2015, with a five-year initial term ending June 30, 2020. The parties subsequently executed a Third Amended to the Physician Employment Agreement on February 17, 2020, extending the agreement for five years with a new termination date of June 30, 2025.

14.     The Third Amendment including Section 7, which states that "The Physician shall provide Hospital District with ninety (90) day notice in advance of the expiration of the agreement, of Physician's intent to renew the Agreement. Failure to provide such notice shall prompt Hospital District to source candidates for the position."

15.     In the Spring of 2025, Dr. Martinez, then 65 years old, notified Memorial of his intent to renew his contract for a fourth term.

16.     On May 6, 2025, Memorial sent Dr. Martinez a proposed Fourth Amendment to his employment agreement.

17.     On May 8, 2025, Memorial sent Dr. Martinez the proposed Fourth Amendment via DocuSign for electronic review and signature.

18.     The proposed Fourth Amendment would have extended Dr. Martinez's employment from July 1, 2025, to June 30, 2028, for a three-year term with total compensation of $530,202.00.

19.     Notably, however, the Fourth Amendment deliberately deleted Section 10.6 "Severance Payment" in its entirety, thereby stripping Dr. Martinez of contractual protections that

3

would have guaranteed him twelve months of compensation if terminated without cause.

20. On May 12, 2025, Kimberly Kulhanjian emailed Dr. Martinez requesting electronic signature by Monday May 12, 2025.

21. On May 12, 2025, Dr. Martinez requested an additional day to review the contract because he just returned from being out of town at his son's graduation and had a full day seeing patients.

22. On May 13, 2025, Memorial abruptly voided the contract, and on May 14, 2025, Memorial retracted the agreement entirely.

23. On May 15, 2025, Holly Neville and Mario Salceda informed Dr. Martinez that Memorial was not renewing his agreement and that his employment would end on June 30, 2025. Memorial did not provide any legitimate reason for its decision.

24. On May 16, 2025, CEO, Caitlin Stella, revealed the true discriminatory motive behind Memorial's decision when she informed Dr. Martinez that the decision was based on brining in "newer talent" and adapting to a "changing environment."

25. Upon information and belief, Dr. Martinez was replaced by Dr. Aaron Willis, a significantly younger physician who had been out of fellowship training for less than two years and whom Dr. Martinez had hired in 2023.

26. The decision to replace Dr. Martinez with a significantly younger and less experienced physician was made without following the typical vetting and interview process.

27. On May 20, 2025, Dr. Martinez requested documentation of the non-renewal conversation, but on May 23, 2025, Mario Salcedo informed Dr. Martinez that a separation agreement "is no longer being considered."

28. Memorial treatment of Dr. Martinez stands in stark contrast to his exemplary performance record and length of employment by Memorial.

4

29. Memorial's decision to terminate Dr. Martinez was based on his age and was accomplished through pretextual reasons designed to make the true discriminatory motive, including referenced to "newer talent."

30. As a result of Memorial's decision, Dr. Martinez suffered substantial damages, including loss of contractual severance exceeding $480,000, lost wages, disruption of retirement plans and pension benefits, and will be forced to continue working for more years than anticipated.

31. Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees for these services.

## COUNT I – VIOLATION OF THE ADEA

32. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-31 and incorporates the allegations herein by this reference.

33. The Defendant and its managers and agent violated the ADEA by, in part, terminating Plaintiff's employment and failing to renew his employment contract because of his age.

34. The Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the ADEA.

35. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages, benefits and other compensation; loss of contractual severance payments, harm to his person and business reputations, and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, JUAN CARLOS MARTINEZ, prays this Court will:

a. Order Defendant to remedy the discrimination of Plaintiff by:

    i. Paying appropriate back pay;
    ii. Paying prejudgment and post-judgment interest;
    iii. Paying front pay in lieu of reinstatement;
    iv. Paying for lost benefits including medical insurance, pension, and retirement plan;
    v. Providing any other relief that is appropriate;

b. Enter an order against Defendant for liquidated damages;

Gallup Auerbach • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

c. Grant Plaintiff costs and a reasonable award of attorneys' fees pursuant to the ADEA.

## <u>COUNT II – BREACH OF CONTRACT</u>

36. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-31 and incorporates the allegations herein by this reference.

37. Dr. Martinez and Memorial entered into a valid and binding Physician Employment Agreement dated July 1, 2015, as amended by the Third Amendment executed on February 17, 2020. *See* Third Amendment Physician Employment Agreement attached as Exhibit "1."

38. Under the Third Amendment, Dr. Martinez' employment was extended through June 30, 2025, and he was entitled to annual compensation totaling $508,000, consisting of $438,300 for clinical services, $50,000 for Medical Director duties, and $20,000 for additional Medical Director responsibilities.

39. Section 10.6 of the employment agreement contained a severance provision guaranteeing Dr. Martinez twelve months of severance pay if his employment was terminated without cause.

40. Dr. Martinez fully performed his obligations under the employment agreement.

41. In Spring 2025, Dr. Martinez timely notified Memorial of his intent to renew his employment contract in accordance with Section 7 of the Third Amendment.

42. Memorial breached the employment agreement by:

a. Terminating Dr. Martinez' employment without cause and failing to provide the twelve (12) months of severance compensation guaranteed under Section 10.6; and

b. Failing to renew Dr. Martinez' employment agreement despite his timely notice of intent to renew;

43. Memorial's breach was material and deprived Dr. Martinez of the substantial benefits for which he bargained, including job security, continued employment, and severance protections.

44. As a direct and proximate result of Memorial's breach of contract, Dr. Martinez sustained substantial damages, including but not limited to:

6

a. Loss of twelve (12) months of severance compensation;

b. Loss of compensation from July 1, 2025 through June 30, 2028;

c. Loss of employment benefits, including health insurance, retirement contributions, and other fringe benefits;

d. Other consequential damages.

WHEREFORE, Plaintiff, JUAN CARLOS MARTINEZ, prays that his Honorable Court will enter an Order declaring the Defendant breached his employment agreement by not renewing pursuant to the explicit language of the Agreement and for not paying him severance pursuant to the clear language of the employment agreement, awarding him attorneys' fees and costs pursuant to the employment agreement, and any other damages this Court deems necessary and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JUAN CARLOS MARTINEZ, hereby demands trial by jury on all claims triable by right under state or federal law.

Dated this 25th day of November 2025.

Respectfully submitted,

**GALLUP AUERBACH**
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
t: (954) 894-3035 f: (754) 200-2836
E-mail: jauerbach@gallup-law.com

By:     */s/ Jacob K. Auerbach*
         JACOB K. AUERBACH
         Florida Bar No.: 084003
         *Counsel for Plaintiff*